STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
DOCKET NO. CV-15-027

JOAN UZDAVINIS, *et al.* )
)
Plaintiffs, )
v. )
) ORDER
DEBORAH J. WAGEMANN, *et al.* )
)
)
Defendants. )

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 21 2017
12:09PM
RECEIVED

Plaintiffs complain that Defendants' installation of a dock in a lake at the end of a shared right-of-way, and storage of boats within the right-of-way, are unreasonable interferences of their co-tenant easement rights. Defendants seek a determination of the use and scope of the right-of-way. Evidence germane to the resolution of these issues were presented to the court in a nonjury trial on January 30 and 31, 2017. Several weeks after trial, the parties filed proposed finding of facts and conclusions of law.

Upon careful consideration of the evidence, the court makes certain findings of fact and renders judgment as set forth below.

I. Background

Plaintiffs Joan Uzdavnis, Mary Malandrino, Thomas D. Boody, and Maureen D. Boody are owners of lake-front lots on Thompson Lake, Oxford, Maine, (Pl's' Ex. 16, 23-24), and they have the right to use a 30-foot right-of-way abutting their properties that runs between a private road and Thompson Lake. Plaintiffs Sean Reardon, Karen C. Reardon, and Anne B. Turner as Trustee of the Owen Family Irrevocable Trust Dated April 25, 2008, and Defendants Deborah J. Wagemann, Diane L. Page, and Douglas O. Wiles own non-waterfront lots, (Pl's' Ex. 15, 19-22) with rights to the same right-of-way based on language in their deeds "to use the said passageway to the shore and to use the shore fronting on the same for bathing and boating purposes."

In 2014, Defendants placed a 4-foot wide dock at the end of the right-of-way at the edge of the shore fronting, which has been used by Defendants to tie their pontoon boat on an unrestricted basis during the summer months. Defendants did not obtain the permission to install the dock from other holders of the easement.

II. Discussion

*a. Interference with cotenants' rights*

1. Interference with use

The holder of an easement has the right to do what is reasonably necessary for the enjoyment of the easement. 28A C.J.S. *Easements* §§ 144, 161. However, if the holder of an easement in common uses that easement in such a manner as to unreasonably interfere with the rights of another holder of the same easement, the latter is entitled to relief. *Poire v. Manchester*, 506 A.2d 1160, 1163 (Me. 1986); 86 C.J.S. *Tenancy in Common* § 17. Reasonable use is a question of fact. *Poire*, 506 A.2d at 1163. All cotenants should have adequate access and opportunity to use the easement. *Indermuehle v. West Shore Rd. Improvement Ass'n, Inc.*, No. CV-86-142, 1987 Me. Super. LEXIS 146, at *9 (May 22, 1987). The appropriate inquiry is a comparison of the actual use made by one easement holder to the actual use made by the others, and the court may consider the surrounding circumstances in its determination of what is reasonable. *Poire*, 506 A.2d at 1163 (the invitation of outside guests to use a beach shared by tenants in common was unreasonable where it led to overcrowding and hostile confrontations); 28A C.J.S. *Easements* § 161; *Chase v. Eastman*, No. 85-562, 1988, Me. Super. LEXIS 212, at *3-4 (Aug. 29, 1988) (the addition of a dock in a reserved shorefront area was an unreasonable interference where it would have been in the sole area left for non-boating activities.)

i.      Use of the passageway

Plaintiffs argue that Defendants' boat storage in the passageway unreasonably interferes with their use of the passageway. (Pl's' Post-Trial Br. 14.) A right-of-way/passageway allows the holder to pass or cross, and the right of ingress and egress is the right to pass over, not control. 28A C.J.S. *Easements* §§ 8(a), 144; *Ballentine's Law Dictionary* (copyright 2010), *available at* LEXIS ("passageway."). However, an easement providing a right-of-way may be found to support other uses besides passage, depending on its purpose. *See Badger v. Hill*, 404 A.2d 222, 226-228 (Me. 1979) (a dock was permissible at the end of a right-of-way to a river given its purpose to provide access to the river.)

Here, Plaintiffs concede that boat storage "may very well be within the scope of the common easement." But, throughout the boating season,[1] Defendants have stored canoes, kayaks, a 19½-foot wellcraft, and an 18-foot pontoon boat in the right-of-way. Plaintiff Reardon testified that he has ceased to launch his pontoon boat from the passageway because of the stored boats (and dock), and Plaintiffs Uzdavinis and Boody testified that the boat storage interferes with their lateral access to the passageway from the sides of their properties. Plaintiff Uzdavnis testified that the reduced width of the right-of-way affects her ability to install and retrieve her dock between seasons. As such, Defendants' boating-season storage of boats in the passageway unreasonably interferes with Plaintiffs' access and opportunity to use the passageway.[2]

ii.     Use of the shorefront

---

[1] "[A]s soon as the ice clears and into the late fall." (Pl's' Post-Trial Br. 5.)
[2] Defendants counter that Plaintiffs Uzdavinis and Malandrino have stored their docks in the passageway in the winter. (D's' Post-Trial S. of Facts 5 ¶ 17.) However, the passageway's express purpose is to support boating and bathing which are generally non-winter activities
[3] Defendants counter that Plaintiffs Uzdavinis and Malandrino have stored their docks in the passageway in the winter. (D's' Post-Trial S. of Facts 5 ¶ 17.) However, the passageway's express purpose is to support boating and bathing which are generally non-winter activities that are unaffected by winter boat storage in the passageway.

Plaintiffs argue that Defendants' installation of a dock on the shorefront at the end of the passageway unreasonably interferes with their use of the shorefront. In *Levasseur*, the court held that both the defendants and the plaintiffs could maintain a dock on a waterfront, so long as one parties' dock did not interfere with waterfront use any more than the other parties' dock.[³] *Levasseur v. Doucette*, No. RE-06-244, 2008 Me. Super. LEXIS 63, at *13 (Mar. 18, 2008). In *Chase*, the court held that placing docks, parking vehicles, or leaving equipment in the sole remaining shorefront area for non-boating activities was an unreasonable interference of the rights of other common easement holders to use the areas for purposes other than boating. *Chase*, 1988 Me. Super. LEXIS 212, at *3-4. Here, like in *Levassuer*, the installation of a dock may be a reasonable use and right shared by waterfront easement cotenants. In fact, no other parties have indicated a desire to install their own dock. However, like in *Chase*, with the shorefront's 30-foot width, a 4-foot dock, with an 8-foot wide boat tied to it, may interfere with the other cotenants' use of the waterfront for bathing or boating. While Defendants assert that Plaintiffs are still able to launch boats and use the waterfront, the testimony makes apparent that Defendants' stored boats and dock interferes with Plaintiffs' ability to do so. All plaintiffs testified the boat storage and dock have made a previously safe swim area unsafe, a conclusion well supported by the evidence. Defendants provided tepid testimony that all parties are free to use the dock. In addition to not being particularly persuasive, the court notes that such post hoc hospitality is illusory in practice. This modest little piece of shorefront is not equipped to host a flotilla, nor is Defendant likely to yield to the dock's use by any number of

---

[³] Note, *Levasseur* was expressly decided as an interference of rights case (i.e., did the plaintiffs have an exclusive right to maintain a dock), and not an unreasonable interference dispute. *Levasseur*, 2008 Me. Super. LEXIS 63, at *12-13.

other easement holders. Defendants' dock unreasonably interferes with Plaintiffs' use of the waterfront.

## 2. Physical exclusion

No cotenant has the right to occupy any particular part of an easement to the exclusion of others, or to exclude them from or to appropriate sole use of a particular portion of the common property without prior consent. 20 Am.Jur. 2d *Cotenancy and Joint Ownership* §§ 2, 42; 86 C.J.S. *Tenancy in Common* §§ 3, 22; *Bank of Me. v. Giguere*, 309 A.2d 114, 119 (Me. 1973). Temporary exclusion may be permissible, but the installation of a permanent structure is not reasonable where it is for one party's own benefit. (*Id.*) (both parties were entitled to reasonable use of an entire parking area for purposes of parking, ingress, and egress, but the construction of a drive-in bank teller unit by one party would be an unreasonable interference with the other party's rights of use.)

Defendants have stored boats in the passageway and have installed a dock on the waterfront during the entire bathing and boating season without prior consent. This behavior is effectively an unreasonable, permanent physical appropriation, particularly where Defendants have labeled the dock with their name and where there is conflicting testimony as to whether all cotenants are able to use the dock. Even that conflicting testimony militates in favor of the court's conclusion already expressed, that Defendants invitation to use the dock is not only dubious but that as a practical matter could not be exercised in the same way, for example, that a parking area could.

## 3. Improvements to the shared easement

A tenant in common has the right to make improvements, provided they are not injurious or detrimental to the rights of the cotenants, where the right to improve is subservient to the rights of co-owners to use the entire property. 86 C.J.S. *Tenancy in Common* § 78b; 28A C.J.S. *Easements* § 174. For example, a permanent obstruction that

significantly lessens ingress and egress is not reasonable, but an obstruction that does not bar access is not prohibited. 28A C.J.S. *Easements* § 178.· Any improvements must be reasonably necessary and consistent with the easement's purpose, where reasonableness is a question of fact and the court will look to the individual circumstances, such as the terrain of an easement and the intent of the grantor, if the language of the conveyance is ambiguous. 86 C.J.S. *Tenancy in Common* § 78b; *Levasseur*, 2008 Me. Super. LEXIS 63, at \*10; *Hultzen v. Witham*, 146 Me. 118, 126, 78 A.2d 342, 346 (1951) (the erection of a sea wall was reasonable where the beach area had not been of practical use without improvement); *Chase*, 1988 Me. Super. LEXIS 212, at \*2-4 (the intent of the original grantor was to provide for all uses reasonably related to the enjoyment of a waterfront, but the installation of a dock was unreasonable in the only spot left for non-boating purposes.) Whether an improvement is an unreasonable impedance to cotenants depends upon the use to which the easement is, or may be susceptible, but the objecting party must be seriously inconvenienced. *Hultzen*, 146 Me. at 122, 78 A.2d 342 at 344; 28A C.J.S. *Easements* § 177. Any material change requires consent, where "material" means a substitution of servitude, and improvements done without consent inure to the benefit of all. 28A C.J.S. *Easements* § 173; 20 Am.Jur. 2d *Cotenancy and Joint Ownership* § 69.

Here, Defendants did not seek permission before installation of their dock, and Plaintiffs' convincingly contest Defendants' claim that all easement holders are able to use it. There is testimony that the dock precludes some easement holders from launching their boats and swimming as they had done before its installation, and that

---

· In *Tully*, the court held that no one could leave personal property in a waterfront easement where there was evidence that the objects impeded access to the lake. *Tully v. Frautten*, No. RE-12-26, 2013 Me. Super. LEXIS 132, at \*14-15 (June 26, 2013) (note this was a dispute between an easement holder and the fee holder of the easement.)

all the easement holders, including Defendants, had been able to launch boats prior to the dock's installation. Furthermore, the dock substitutes its footprint and the space around it from either boating or bathing to only boating for the entire boating/bathing season. Therefore, the dock is an unreasonable improvement to the shared waterfront area.

*b. Use and scope of the easement*

Defendants seek a determination of the permissible use and scope of the right-of-way. Plaintiffs argue the court should not consider Defendants' counterclaim because an essential party, the fee holder of the easement, is not joined. Necessary parties are all persons who have a stake in a controversy such that a decree cannot be made without affecting their interests. M.R. Civ. P. 19(a); 28A C.J.S. *Easements* § 194; *See Everly v. Fowler*, No. RE-14-36, 2015 Me. Super. LEXIS 125, at *4 (June 18, 2015). In *Levasseur*, the court did not require all holders of an easement for water access to be parties when deciding the rights of two holders to maintain docks. *Levasseur*, 2008 Me. Super. LEXIS 63, at *5, *13. In *Indermuehle* in a lawsuit between beach easement holders and others claiming similar privileges, the court joined two additional easement holders to the suit because they had expressed a future intended use that would be directly affected by the findings in the case, then declared reasonable uses that would not substantially interfere with the rights of the easement holders in light of the circumstances and contemplated use of the property for the express purposes of bathing and swimming. *Indermuehle*, 1987 Me. Super. LEXIS 146, at *5-6. In *Sleeper* in a suit between the holder of an easement in a lot and person claiming to have fee simple title to the lot, the Court remanded the case ordering a determination of whether other fee holders and easement holders whose interests would be prejudiced by the ruling should be joined. *Sleeper v. Loring*, 2013 ME 112, ¶ 22, 83 A.3d 769. The lower court

found that no other parties needed to be joined because no one else claimed fee interest, the easement owners with the strongest interest were already parties to the case, it would be burdensome to add more easement holders, and the scope ruling would not foreclose on absent owners' from enforcing their easement rights against the fee holder. *Sleeper v. Loring*, No. CUMSC-AP-10-20, 2015 Me. Super. LEXIS 116, at *1 n.1 (June 12, 2015); *Everly*, 2015 Me. Super. LEXIS 125, at *8-9 (holding similarly that no additional parties were necessary in a suit between an easement holder and the fee holder to the lot burdened by the easement where there were fifty-six other easement holders.) In *Merrill*, the court ordered the joinder of all parties owning property who would be affected by a decision in a lawsuit between lot owners and other family members claiming an easement on the lot. *Merrill v. Parsons*, No. RE-2011-056, 2017 Me. Super. LEXIS 5, at *1-2 (Jan. 12, 2017).

Plaintiffs assert that the fee title to the servient estate of the passageway is held by the Estate of the developer Carl E. Milligan, while Defendants state there is a stipulation by both parties "that nobody owns fee title to the 30 foot right-of-way." The court concludes that Defendants have not met their burden and further concludes that there are not other necessary parties whose interests could be prejudiced by a ruling on scope. *See Sleeper*, 2013 ME 112, ¶ 22, 83 A.3d 76 9. The reasoning of *Levasseur* militates in favor of concluding, as the court now does, that no additional parties are needed to decide the counterclaim as an issue of reciprocal rights between easement holders, as an easement holder is still ultimately limited by the purpose of the conveyance. 28A C.J.S. *Easements* §§ 144, 161. Neither this easement's expressly stated purpose of boating and bathing, nor the fact that the right-of-way provides passage to a shore, unambiguously provides a right to store personal property in the passageway, install a dock, or snowmobile, *inter alia*, as asserted by Defendants *See Levasseur*, 2008 Me. Super. LEXIS

63, at *5; *See Chase*, 1988 Me. Super. LEXIS 212, at *2; *See Brewer v. Bean*, 1997 Me. Super. LEXIS 177, at *5 (June 5, 1997); *See Tully v. Frautten*, No. RE-12-26, 2013 Me. Super. LEXIS 132, at *13 (June 26, 2013); *See Badger*, 404 A.2d at 226-227; *See Sleeper v. Loring*, No. CUMSC-AP-10-20, 2015 Me. Super. LEXIS 116, at *7-8 (June 12, 2015). Defendants, who bear the burden of proof, have provided no persuasive evidence on the issue of the intent of the easement's grantor. *Levasseur*, 2008 Me. Super. LEXIS 63, at *10. Therefore, Defendants are not entitled to the injunctive and declaratory relief they seek.

II. Conclusion

Judgment in favor of the Plaintiffs/Counterclaim Defendants as to Counts I and II of the Complaint and Counts I, II, and III of the Counterclaim. The court declares the following:

1. Defendants do not have a right to establish or maintain a dock as such a structure overburdens and unreasonably interferes with the Plaintiffs' easement rights.

2. Defendants are enjoined from establishing or maintaining a dock at the terminus of the 30-foot passageway and shall remove any dock now existing at the terminus of the 30-foot passageway.

3. Defendants do not have a right to store boats on the 30-foot passageway; Defendants shall remove all such boats from the 30-foot passageway; and Defendants are enjoined from storing boats upon the 30-foot passageway.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: June 21, 2017

Lance E. Walker
Justice, Superior Court